IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM H. FINK, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-3019 |
| CRAIGORY FINK, | * | |
| Defendant. | | |
| | ********* | |
| CRAIGORY FINK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-3109 |
| WILLIAM FINK, | * | |
| Defendant. | * | |
| | ********* | |

## **MEMORANDUM**

This case requires the Court to determine whether the matters captioned above were properly removed to this Court.

On October 16, 2020, Craigory Fink ("C. Fink") filed a notice to remove Case Number D-08-CV-20-022929 from the District Court of Maryland for Baltimore County to this Court, pursuant to 28 U.S.C. § 1446. This case is docketed as Civil Action No. ELH-20-3019 ("Case I"). Ten days later, on October 26, 2020, C. Fink filed a notice to remove Case Number C-03-CV-20-003591 from the Circuit Court for Baltimore County to this Court, pursuant to 28 U.S.C. § 1446, and to stay his eviction. This case is docketed as Civil Action No. ELH-20-3109 ("Case II").

In each case, C. Fink filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Case I, ELH-20-3019, ECF 3; Case II, ELH-20-3109, ECF 3.  Based on the information provided in the IFP motions, it appears that C. Fink is indigent and therefore I shall grant the IFP motions. But, for the reasons that follow, these cases shall be returned to the State courts.

## I.  Background

Both removed cases involve the same subject matter.  Case I, ELH-20-3019, requests removal of a detainer action filed in the District Court of Maryland for Baltimore County.  Case II, ELH-20-3109, is the de novo appeal from the ruling of the District Court for Baltimore County, heard by the Circuit Court for Baltimore County.  Case II, ECF 1-4.

The underlying case pertains to a suit filed by William Fink, Jr. ("W. Fink") for possession of real property occupied by C. Fink.  ELH-20-3019, ECF 1-5; ECF 1-7.[1]  In particular, W. Fink filed a "Complaint for Wrongful Detainer" in the District Court for Baltimore County on July 6, 2020, against C. Fink and Clairissia Amoroso, Case number D-08-CV-20-022929.  ECF 2.  It was filed under Md. Code, § 14-132 of the Real Property Article.  The District Court for Baltimore County issued a judgment on September 1, 2020, awarding possession of the premises to W. Fink.  ELH-20-3019, ECF 1-5.  On September 8, 2020, C. Fink filed a de novo appeal of that decision to the Circuit Court for Baltimore County, Case No. C-03-CV-20-003591.

The appeal was heard, de novo, before the Circuit Court for Baltimore County on October 19, 2020. ELH-20-3109, ECF 2.  W. Fink and C. Fink both appeared, without counsel, and testimony was taken.  *Id.*  Although Amoroso received notice of the hearing, she did not appear.  *Id.*  On October 21, 2020, the Circuit Court issued an order granting possession of the

---

[1] *See also* Maryland Case Search, http://casesearch.courts.state.md.us/inquiry.  The Court may take judicial notice of publicly available information.  *See* Fed. R. Evid. 201.

premises to W. Fink.  *Id.*  Further, C. Fink and Amoroso were ordered to vacate the premises on or before November 2, 2020.  *Id*.  Removal of Case II followed.

In Case I, C. Fink alleges, *inter alia*, that the proceedings violated his due process rights.  ECF 1 at 2.  In Case II, C. Fink asserts that "[t]he eviction procedure and proceedings conducted by the landlord are completely in violation of the United States Constitution as well as at [sic] the Maryland Constitution."  *Id.*, ECF 1-2 at 2.  He also provides a citation to 15 U.S.C. § 1692(A), a provision of the Fair Debt Collection Practices Act, and the Fourteenth Amendment to the United States Constitution. ELH-20-3109, ECF 1-2 at 2.  However, no facts are provided in support of C. Fink's allegations that there is a federal cause of action.

## II.  Discussion

The federal courts are required to construe removal statutes narrowly.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  This is because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union,* 640 F.3d 599, 605 (4th Cir. 2011) (en banc), abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63 (Dec. 7, 2011).  Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts . . . resolved in favor of state court jurisdiction."  *Barbour*, 640 F.3d at 617; *see Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

A civil action filed in a state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a).[2] Thus, a state court action that could have been filed in federal court may be removed. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, the burden of demonstrating jurisdiction and propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

It is a hornbook principle of federal jurisdiction that "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed. The federal question presented cannot exist merely as a

---

[2] Removal is also subject to specific time lines. Under 28 U.S.C. § 1446(b)(2)(B), a defendant has 30 days from service of a suit to initiate removal.

matter of defense or as a counterclaim." 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *see Caterpillar Inc.*, 482 U.S. at 392 (stating that federal question jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint"); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998).

In other words, absent diversity jurisdiction, a case is not removable if the complaint does not affirmatively allege a federal claim. The "existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and 'a defendant [generally] may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.'" *Mayor and City Council of Baltimore v. BP P.L.C*., 388 F.Supp.3d 538, 553 (D. Md. 2019) (*citing Aetna Health v. Davila*, 542 U.S.200, 124 S.Ct. 2488 (2004)) (internal citations omitted), *aff'd*, 952 F.3d 452, 461 (4th Cir. 2020).

To be sure, a federal court has exclusive jurisdiction as to a federal cause of action if Congress "'affirmatively divest[s] state courts of their presumptively concurrent jurisdiction.'" *Id.* But, that is not the situation here. Indeed, the wrongful detainer action filed in state court against C. Fink does not give rise to federal question subject-matter jurisdiction. To the extent C. Fink believes federal claims were asserted or are implicated, they constitute a defense to the eviction action, and they may be raised in the context of the state court case.

Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal constitutional provisions. "'Under our system of dual sovereignty . . . state courts have inherent authority, and are thus *presumptively competent*, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis added in *Bullock*). C. Fink has failed to show that he is unable to enforce his

federal rights in State court. *See Schaefgen v. O'Sullivan*, PWG-14-2992, 2015 WL 4572238, *5 (D. Md. 2015).

### III.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). For the reasons stated above, this Court lacks subject matter jurisdiction. Therefore, the cases shall be remanded to the State courts for all further proceedings.

A separate Order follows.

November 17, 2020        /s/
DATE        Ellen L. Hollander
       United States District Judge